UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.F.C., an individual Minor, through JACQUELINE COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Respondents. | No. 2:23-cv-2683 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Jacqueline Coleman filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

    Jacqueline Coleman purports to bring this action on behalf of E.F.C., a minor. (ECF No. 1 at 6.) Ms. Coleman claims to be the guardian of the minor, despite the appended Sacramento County Superior Court order stating that on September 14, 2016, Cynthia Cohen was appointed temporary guardian of the minor child. (ECF No. 1 at 16.) Petitioner challenges the 2016 order, claiming it was obtained through fraud.

////

Screening

The court screens filings brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). The instant petition is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Discussion

As noted, Ms. Coleman purports to bring this case on behalf of herself and her minor child. As a self-represented litigant, Ms. Coleman can represent only herself. The Ninth Circuit has clearly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, petitioner cannot bring this case on behalf of her child. She can only bring suit for legal harms she suffered herself.

Moreover, the instant filing involves child custody issues. This Court lacks jurisdiction over child custody claims because they are exclusively matters of state law. See Ankenbrandt v. Richards, 504 U.S. 689, 702-704 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees."). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others).

Further, to the extent petitioner is challenging the orders of the state court regarding custody, she may not do so. This Court lacks subject matter jurisdiction to review the final determinations of state court dependency proceedings. See, e.g., Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). The legal doctrine known as Rooker-Feldman provides that a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005).  Thus, petitioner's claim that the state court's 2016 order related to child custody was obtained through fraud is barred by the Rooker-Feldman doctrine.  See Walton v. Hopper, 2022 WL 837268, at *4 (E.D. Cal. Mar. 21, 2022) ("Child custody and parental rights are quintessentially state law matters that are generally outside the purview of the federal court."), report and recommendation adopted, 2022 WL 1506096 (E.D. Cal. May 12, 2022).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 17, 2023

/cole2683.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3