UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.F.C., an individual Minor, through JACQUELINE COLEMAN,<br><br>Petitioner,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Respondent. | No. 2:23-cv-02683-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION FOR LACK OF JURISDICTION<br><br>(Doc. Nos. 1, 4) |

Petitioner Jacqueline Coleman is proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 20, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending federal habeas petition be summarily dismissed due to lack of jurisdiction. (Doc. No. 4.) Specifically, the magistrate judge screened the petition and concluded that: (1) petitioner Coleman purports to bring this action on behalf of herself as well as her minor child, E.F.C., but as a *pro se* litigant can only represent herself; (2) the pending petition seeks resolution of child custody issues over which this federal court lacks jurisdiction; and (3) to the extent petitioner challenges state court orders regarding child custody, this federal court lacks jurisdiction to review final determination of state court dependency proceedings. (*Id.* at 2–3.) The pending findings and recommendations were served upon petitioner and contained

1    notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)

2    On November 28, 2023, petitioner filed a 37-page document entitled both "Objection's

3    [sic] to Magistrate Judge's Findings and Recommendations, and POS" and "Verified First

4    Amended Complaint for Civil Rights Violations Seeking Damages an Injunction Declaratory

5    Judgment and Petition for a Writ of Habeas Corpus."  (Doc. No. 7.)  That filing essentially raises

6    the same contentions advanced in the pending petition for habeas relief and fails to

7    provide any basis upon which to reject the pending findings and recommendations.

8    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

9    *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

10   objections, the court concludes that the pending findings and recommendations are supported by

11   the record and proper analysis.

12   Having concluded that the pending petition must be dismissed, the court also declines to

13   issue a certificate of appealability.  A petitioner seeking a writ of habeas corpus has no absolute

14   right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*

15   *Cockrell*, 537 U.S. 322, 335–36 (2003).  If a court denies a petitioner's petition, the court may

16   only issue a certificate of appealability when a petitioner makes a substantial showing of the

17   denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas

18   relief on procedural grounds without reaching the underlying constitutional claims, the court

19   should issue a certificate of appealability "if jurists of reason would find it debatable whether the

20   petition states a valid claim of the denial of a constitutional right and that jurists of reason would

21   find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

22   *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists

23   would not find the court's determination that the pending petition must be dismissed due to lack

24   of jurisdiction to be debatable or wrong.  Thus, the court declines to issue a certificate of

25   appealability.

26   Accordingly,

27   1.   The findings and recommendations issued on November 20, 2023 (Doc. No. 4) are

28        adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 15, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE